Moncure, J.
delivered the opinion of the Court.
The Court is of opinion, that the Circuit court did not err in overruling the demurrer to the declaration ; but did err in overruling the motion for a new trial. On the facts proved and certified in the cause, the jury was warranted in finding a verdict for the plaintiff in the Court below ; but the damages awarded were excessive. The defendant in the Court below seems to have acted in good faith, and his breach of contract for which the suit was brought seems to have been the result of misunderstanding on his part. He derived no benefit from such breach, but on the contrary rented out the property for twenty-five dollars less than the plaintiff was to have given him. It was not averred in the declaration or proved on the trial that the plaintiff sustained any special damage by reason of the defendant’s breach of contract. The plaintiff did not lose his situation; but continued in the same business in which he was engaged when he entered into the contract. The tenant to whom the property was rented offered, a few days after the renting and before he had received or purchased any wheat, to let the plaintiff have it on the same terms on which said tenant had rented it; but the plaintiff declined to accept the offer. Under these circumstances the plaintiff was entitled only to general damages, and the measure of such damages is the difference between the rent contracted to be paid and a fair rent for the property at the time when it should have been delivered to him. It was proved that 300 dollars, the rent stipulated in the lease to the plaintiff, was a fair rent for the property. On the other hand, it was proved by a witness that he offered the plaintiff one hundred dollars for his lease which he refused to take. If upon this evidence the jury had found a verdict for *20 one hundred dollars damages, this Court would not have disturbed the verdict. But there is nothing in the case which warrants a verdict for greater damages than one hundred dollars. The evidence of a witness that during the first year of the lease the plaintiff could have ° J .. cleared three or four hundred dollars was necessarily speculative and conjectural, and furnished no legitimate basis on which to estimate the damages. It is therefore considered by the Court that the judgment of the Circuit court be reversed and annulled, with costs to the plaintiff in error; that the verdict of the jurors be set aside: and that the cause be remanded to the Circuit eourt for a new trial to be had therein.